IN THE UNTIED STATES DISTRICT COURT
FOR THE DISTRIC OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>V. )<br>)<br>BRETT ALLEN ROTELLA, )<br>*Also known as* )<br>BRETT ALAN OSTRANDER )<br>)<br>_____ ) | Criminal No. 1:23-cr-00303-RDM-1 |

**SENTENCING MEMORANDUM**

The Defendant by and through his attorney respectfully submits the following sentencing memorandum for the Court's consideration in its determination of a sentence that is sufficient but not greater than necessary.

I.

**APPLICATION OF THE ADVISORY SENTENCING GUIELINES**

A. **Count 1 - Civil Disorder 18 U.S.C. § 231**

The appropriate guideline for this offense would be **§**2A2.4 with a corresponding base offense level of 10. The Cross reference to 2A2.2 should not apply. This court should note that the jury made no specific finding that Mr. Rotella was guilty of violating 18 U.S.C. **§** 231 by assaulting any officer. To the contrary the jury was instructed that they could find the defendant guilty if he "knowingly committed or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers." *See* D.E. 59 page 30.

B. **Count 2&3 - Assaulting, Resisting or Impeding Certain Officers 18 U.S.C. § 111(a)(1)**

1

The appropriate guideline for this offense would be **§** 2A2.4 with a corresponding base offense level of 10. The Cross reference to **§** 2A2.2 should not apply. This court should note that the jury made no specific finding that Mr. Rotella was guilty of assault. The government contends that Mr. Rotella's conduct under § 111(a)(1) falls into category (D), an assault that involved an intent to commit another felony. The other felony that the government contends aggravates Mr. Rotella's conduct is Count One: 18 U.S.C. § 231(a)(3). Conversely, the government contends that Mr. Rotella's conduct on Count One is aggravated by the commission of another felony, being Count Two 18 U.S.C. § 111(a)(1). Therefore, the government is relying on conduct of the same nature to establish two separate felonies. This is contrary to a plain application the "another felony" aggravating factor found in 18 U.S.C. § 111(a)(1)(D) which would involve a defendant, for example, assaulting an officer to flee from the scene of a robbery.

C. **Count 4 – Entering and remaining in a restricted building or Grounds 18 U.S.C. § 1752(a)(1)**

The applicable guideline for this count is §2B2.3 – Trespass. However ,because of the cross reference Under **§**2B2.3(c)(1) the court should use **§**2A2.4 as the offense level is the higher of the two. The additional cross reference to **§**2A2.2 does not apply because for this count of conviction there was no "Felony Assault."

D. **Count 5 - Disorderly and Disruptive Conduct in a Restricted Building or Grounds18 U.S.C. § 1752(a)(2**)

E. The applicable guideline for this count is §2B2.3 – Trespass. However ,because of the cross reference Under **§**2B2.3(c)(1) the court should use **§**2A2.4 as the offense level is

the higher of the two. The additional cross reference to §2A2.2 does not apply because for this count of conviction there was no "Felony Assault."

**F. Count 6 - Impeding Passage Through the Capital Grounds or Buildings  40 U.S.C. § 5104(e)(2)(E)**

The sentencing guidelines do not apply.

**G. GROUPING**

The defendant agrees with the United States probation office that here are three distinct groups of conduct therefore under USSG § 3D1.4, the court should group the counts as shown below:

| Group/Count | Adjusted Offense Level | Units |
|---|---|---|
| Group 1 | 10 | 1 |
| Group 2 | 10 | 1 |
| Group 3 | 10 | 1 |
| Total Number of units | | 3.0 |
| Total offense Level of | | 13 |

An Offense Level of 13 with a criminal History Category of I has a corresponding Advisory Sentencing Guideline range of 12-18 Months in Zone C.

II.

CHARACTER LETTERS

The Defendant has attached a number of character letters to this document as exhibits for the Court's consideration.

III.

CONCLUSION

Based on the foregoing this court should find that the defendant's advisory sentencing guideline range is 12 to 18 months in Zone C of the Guidelines.

Respectfully submitted, this the 9th day of December 2024

/s/Samuel J. Randall, IV
SAMUEL J. RANDALL, IV
NC State Bar#:      25486
301 S. McDowell St.
Suite 504
Charlotte, NC 28204
Telephone:    (980) 237-4579
Facsimile:     (980) 209-0029
Email: Sam@RandallStump.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Defendant's Sentencing memorandum was electronically filed using CM/ECF system and thus delivered to the parties of record and pursuant to the rules of the Clerk of Court.

Nathaniel Karl Whitesel
USAO
601 D Street NW
Washington, DC 20530
202-252-7759
Email: nathaniel.whitesel@usdoj.gov

    This the 9th day of December 2024

/s/Samuel J. Randall, IV
SAMUEL J. RANDALL, IV
NC State Bar#:	25486
301 S. McDowell St.
Suite 504
Charlotte, NC 28204
Telephone:	(980) 237-4579
Facsimile:	(980) 209-0029
Email: Sam@RandallStump.com